# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-0944

_____

PEDRO CARLOS PEREZ,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Levy County.
Luis E. Bustamante, Judge.

March 25, 2026


PER CURIAM.

Appellant, Pedro Carlos Perez, appeals his convictions and sentences for the confinement of animals with insufficient food, water, air, or exercise, along with the restitution and cost of investigation imposed by the trial court. Appellant raises three issues on appeal, only two of which merit discussion. We agree with Appellant that because Levy County Animal Services ("LCAS") does not constitute a "victim," as that term is defined for restitution purposes in section 775.089(1)(c)1., Florida Statutes (2023), the trial court erred in ordering restitution. We also agree with Appellant that because the State did not request the $50 cost of investigation permitted under section 938.27(1), Florida Statutes (2023), the court erred in imposing it. We therefore

reverse the restitution order and remand the case with instructions to strike the cost. We otherwise affirm.

According to the evidence presented at trial, Appellant's ten dogs were seized after LCAS found them living in conditions that allegedly violated Florida law. The jury found Appellant guilty of the charged offenses. The State requested restitution in the amount of $32,173.90 for LCAS's care of the dogs during the pendency of the investigation and trial. In ordering restitution, the trial court rejected Appellant's argument that LCAS was not a victim under the restitution statute. The court also imposed a $50 cost of investigation notwithstanding that no request for the cost was made below.

Addressing first the restitution, section 775.089(1)(a)1-2 provides that "[i]n addition to any punishment, the court shall order the defendant to make restitution to the victim for: [d]amage or loss caused directly or indirectly by the defendant's offense" and "[d]amage or loss related to the defendant's criminal episode" unless the court finds clear and compelling evidence not to order such restitution. The term "victim" is defined as "[e]ach person who suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant's offense or criminal episode . . . ." § 775.089(1)(c)1., Fla. Stat. The term "includes governmental entities and political subdivisions, as those terms are defined in s. 11.45, *when such entities are a direct victim of the defendant's offense or criminal episode and not merely providing public services in response to the offense or criminal episode.*" *Id.* (Emphasis added). Thus, the question before us is whether LCAS was a direct victim of Appellant's offenses and not merely providing public services in response to those crimes.

A prime example of a situation where a governmental agency or entity qualified as a victim for restitution purposes can be found in *Anglin v. State*, 369 So. 3d 1167 (Fla. 4th DCA 2023). There, the appellant challenged a restitution order for damage to sheriff's vehicles after his conviction for attempted aggravated battery on deputies. *Id.* at 1168. In affirming, the Fourth District explained that in 2015, the Legislature amended section 775.089 specifically to include governmental entities where they were direct victims of

a defendant's conduct. *Id.* at 1170. The Fourth District observed that the amended statute requires a showing that: (1) the agency was a direct victim and (2) the agency was not merely providing public services in response to the crime. *Id.* The Fourth District concluded that the sheriff's office was a direct victim "because its vehicles were damaged, not just as a result of appellant's criminal episode, but directly by appellant's conduct when he struck the deputies' vehicles with his truck." *Id.* The appellate court also reasoned that the damage sustained by the agency was not the type usually sustained by merely providing public services in response to an offense or criminal episode. *Id.* at 1170–71.

We find *Anglin* instructive to our analysis of the facts before us. Had Appellant damaged LCAS's facilities through his criminal conduct, LCAS could certainly be considered a victim under section 775.089(1)(c)1. and be entitled to restitution. Here, however, LCAS was not a direct victim of the offenses at issue. The dogs were. The connection LCAS had to the offenses was its provision of public services, *i.e.*, providing care to the dogs, in response to Appellant's crimes. This case is more akin to *Lucas v. State*, 385 So. 3d 1086, 1087 (Fla. 4th DCA 2024), where the Fourth District held that the trial court erred in awarding restitution to the Sexual Assault Treatment Center because the entity was not a direct victim of the appellant's offense of sexual battery, and it merely provided public services in response to the offense by having one of its nurses examine the actual victim and collect samples. The fact that Appellant chose not to surrender his dogs during the pendency of the case does not affect our analysis. During that time, LCAS continued to provide its public service of caring for the dogs. As such, the trial court erred in awarding LCAS restitution under section 775.089.[*]

Turning to the $50 cost of investigation that the trial court imposed, section 938.27(1) permits the imposition of the cost if it is requested by the State. As the State acknowledges on appeal, no request was made below for this cost. Thus, the trial court erred in imposing it. We therefore remand the case with instructions

---

[*] Whether LCAS may pursue civil remedies against Appellant for the care of the dogs is not at issue in this appeal.

that the court strike the cost. *See Young v. State*, 373 So. 3d 927, 927 (Fla. 1st DCA 2023) (remanding the matter to the trial court with instructions to strike the $50 agency investigative cost because it was not requested by the State); *Pruitt v. State*, 98 So. 3d 231, 232 (Fla. 1st DCA 2012) ("[W]e strike the $100 'Sheriff's Investigatory Cost' as it was not requested by the state.").

In conclusion, we AFFIRM Appellant's convictions and sentences, REVERSE the restitution order, and REMAND with instructions.

LEWIS, RAY, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Tyler Kemper Payne, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Amanda Bosman, Assistant Attorney General, Tallahassee, for Appellee.